UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SARAH ABOULHOSN,
      *Plaintiff*,

v.

CITY OF MANASSAS,
      *Defendant.*

No. 1:25-cv-00610-MSN-LRV

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Defendant's motion to dismiss. ECF 8. Plaintiff Sarah Aboulhosn, proceeding *pro se*, brings several claims against her former employer, the City of Manassas ("the City"), for violations of the following federal statutes: Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act ("EPA"), the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Genetic Information Nondiscrimination Act ("GINA"), and the Pregnant Workers Fairness Act ("PWFA"). ECF 1 at 3. This Court has considered Plaintiff's complaint (ECF 1), the City's motion to dismiss (ECF 8), Plaintiff's opposition (ECF 12), and the City's reply (ECF 13). For the reasons that follow, the City's motion to dismiss (ECF 8) will be granted.

**I.    BACKGROUND**

    **A.    Factual Background[1]**

Plaintiff worked as a Utilities Project Manager at the City from June 2021 until her resignation effective December 5, 2023. ECF 1-1 at 1, 36. Throughout August and September

---

[1] At the motion-to-dismiss stage, this Court "accept[s] as true all of the factual allegations contained in the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). The Court "also consider[s] [the] documents that are explicitly incorporated into the complaint by reference, . . . and those attached to the complaint as exhibits." *Goines v. Vall. Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted); see Fed. R. Civ. P. 10(c).

2023, Plaintiff emailed the City's Human Resources Director regarding her compensation. *Id.* at 9–10, 13–24. Plaintiff first emailed after she noticed the City's job posting for an "Engineer II" position at a higher salary than hers, which the City later pulled because the advertised salary was incorrect. *Id.* at 1, 13. Plaintiff argued that she deserved higher pay because of her education, experience level, and compensation at her prior job. *Id.* at 14. Plaintiff also expressed disapproval of her supervisor's higher pay based upon her understanding that he lacked Plaintiff's qualifications (i.e., bachelor's and master's degrees). *Id.* at 1, 14.

In October 2023, Plaintiff suffered a workplace injury that became exacerbated when she exercised. *Id.* at 25, 58–59. On October 31, 2023, Plaintiff's doctor found her "**NOT** medically capable of returning to the full duties" of her position for several reasons, including because she was unable to engage in "repetitive motion" with her hands. *Id.* at 33–34. Plaintiff requested a remote work accommodation during this time. *Id.* at 54–56. The Risk Manager for the City repeatedly asked Plaintiff to clarify with her doctor whether the "repetitive motion" restriction would prevent her from using a laptop and mouse to work remotely. *Id.* Plaintiff failed to provide her doctor's answer to that question. *Id.* Unable to accommodate Plaintiff's forty hours of telework, the City notified Plaintiff that she was eligible for leave under the Family and Medical Leave Act ("FMLA"), and the City also initiated the process for short-term disability. *Id.* at 31–32, 35. But Plaintiff resigned instead of pursuing those options and later told the City that she was not disabled. *Id.* at 36, 48.

   B.   **Procedural History**

On May 7, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). ECF 9-1. The charge asserted only pay discrimination claims under Title VII and the EPA, and a reasonable accommodation claim under the ADA. *Id.* The

2

EEOC's Determination of Charge dated March 3, 2025 notified Plaintiff that it was not "proceed[ing] further with its investigation" into Plaintiff's claims. ECF 1-1 at 4–5.

Plaintiff brought this suit on April 10, 2025, alleging that the City compensated her inequitably relative to her male coworkers and failed to provide her with a reasonable accommodation during her recovery from injuries sustained in a workplace accident. *Id.* at 1–3. Plaintiff asserts pay discrimination claims under Title VII and the EPA, and a reasonable accommodation claim under the ADA. *Id.* Plaintiff also lists the ADEA, GINA, and PWFA as "at issue in this case." ECF 1 at 3. On May 15, 2025, the City moved to dismiss Plaintiff's suit for failure to state a claim upon which relief can be granted. ECF 8; Fed. R. Civ. P. 12(b)(6). After this Court notified *pro se* Plaintiff of this motion in accordance with *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Plaintiff filed her opposition (ECF 12), and Defendant filed its reply (ECF 13). This matter is therefore ripe for disposition.

## II.     LEGAL STANDARD

This Court may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co.*, 637 F.3d at 440 (citations omitted). But this Court need not credit conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). And while "district courts must liberally construe a *pro se* litigant's complaint," this Court cannot "excuse a clear failure in the pleadings to allege a federally cognizable claim." *Benton v. Layton*, 628 F. Supp. 3d 661, 665 (E.D. Va. 2022) (citing *Laber v.*

*Harvey*, 438 F.3d 404, 413 (4th Cir. 2006); *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 390–91 (4th Cir. 1990)).

When reviewing a motion for dismissal pursuant to Rule 12(b)(6), this Court may consider matters of public record, documents attached to the complaint, and documents attached to the motion that are "integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Such documents may include the Charge of Discrimination a plaintiff files with the EEOC ("EEOC charge") prior to bringing suit. *Bourne v. Texas Roadhouse Spotsylvania Location*, No. 3:24CV218, 2025 WL 565019, at *1 (E.D. Va. Feb. 20, 2025) (finding that court could consider plaintiff's EEOC charge because it was a matter of public record, attached to defendant's filing, and of undisputed authenticity) (citing *Philips*, 572 F.3d at 180).

### III. ANALYSIS

#### A. Plaintiff's ADEA, GINA, and PWFA Claims

Plaintiff's claims under the ADEA, GINA, and PWFA must be dismissed. Discrimination claims brought in federal court under Title VII or the EPA, ADA, ADEA, GINA, or PWFA must follow a timely charge with the EEOC. *See, e.g., Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022) (recognizing EEOC charge requirement for Title VII and ADEA claims); *Gross v. Morgan State Univ.*, 308 F. Supp. 3d 861, 867 (D. Md. 2018) (recognizing EEOC charge requirement for GINA claims); 42 U.S.C. § 2000gg-2(a) (recognizing EEOC charge requirement for PWFA claims). Plaintiff therefore may not assert discrimination claims in her lawsuit that are unrelated to her EEOC charge. *See, e.g., Walton*, 33 F.4th at 172 (finding that the EEOC charge "defines the scope of [the plaintiff's] subsequent right" to sue).

Here, Plaintiff's EEOC charge[2] asserts pay discrimination claims under Title VII and the EPA, and a reasonable accommodation claim under the ADA. ECF 9-1 ("I have been discriminated against due to my sex (female) and because of my disability, in violation of Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, and the Americans with Disabilities Act of 1990, as amended."). But Plaintiff's EEOC charge includes no mention of discrimination related to her age, genetic information, or pregnancy, nor does it reference the ADEA, GINA, or PWFA. *Id.* Accordingly, this Court will dismiss Plaintiff's claims under the ADEA, GINA, and PWFA pursuant to Rule 12(b)(6).[3] *Id.*; *see Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 615 (E.D. Va. 2011) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

### B. Plaintiff's Pay Discrimination Claims under Title VII and the EPA

Plaintiff's claims under Title VII and the EPA, although properly set forth in her EEOC charge, fail to state a claim and must be dismissed as well. Under Title VII, an employer cannot "discriminate against any individual with respect to [her] compensation" because of that individual's sex. 42 U.S.C. § 2000e-2(a)(1). A Title VII plaintiff can establish her pay discrimination claim with (direct or circumstantial) evidence of intentional discrimination, or she can establish a prima facie case of discrimination under the *McDonnell Douglas*[4] framework. *Spencer v. Virginia State Univ.*, 919 F.3d 199, 207 (4th Cir. 2019). "A prima facie pay-disparity

---

[2] Plaintiff did not attach her EEOC charge to her complaint. ECF 1-1. The City attached Plaintiff's EEOC charge to its motion to dismiss and Plaintiff does not dispute its authenticity. ECF 9-1, 12. Because this EEOC charge is "integral to the complaint," the Court will consider it in reviewing the present motion to dismiss pursuant to Rule 12(b)(6). *Philips*, 572 F.3d at 180.

[3] Even if Plaintiff had included the ADEA, GINA, or PWFA in her EEOC charge, each of those claims would still be dismissed for failure to state a claim. The ADEA does not apply here because Plaintiff was thirty-six years old at the time of her resignation effective December 5, 2023. ECF 1-1 at 27, 36; 29 U.S.C. § 631(a) (limiting ADEA applicability "to individuals who are at least 40 years of age."). Plaintiff does not state a claim under the GINA because she makes no mention whatsoever of her genetic information (save for a single cursory reference to the GINA). ECF 1 at 3. Nor does Plaintiff state a claim under the PWFA: she briefly mentions the 2022 birth of her daughter but alleges no facts indicating that she faced discrimination because of her pregnancy. ECF 1-1 at 1–2.

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

case under *McDonnell Douglas* requires a plaintiff to establish (1) she is a member of a protected class, (2) she was performing her job satisfactorily, (3) an adverse employment action occurred, and (4) the circumstances suggest an unlawfully discriminatory motive." *Id.* The existence of a male employee (referred to as a "male comparator") who is paid more than a female plaintiff for a similar job may "suggest an unlawfully discriminatory motive" in a sex discrimination case. *Noonan v. Consol. Shoe Co., Inc.*, 84 F.4th 566, 572 (4th Cir. 2023). But a Title VII plaintiff must allege facts showing that she and the male comparator are "similarly-situated *in all respects*," including their job descriptions, job standards, supervisors, and "experience, education, and other qualifications." *Spencer*, 919 F.3d at 207–08 (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)) (emphasis in original); *see McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). The EPA has a more demanding requirement: the compared jobs must be "equal," not just similar. *Spencer*, 919 F.3d at 203 (requiring that the "comparator [have] performed work 'virtually identical' . . . to the plaintiff's in skill, effort, and responsibility.") (quoting *Wheatley v. Wicomico Cty.*, 390 F.3d 328, 332–33 (4th Cir. 2004)).

Here, Plaintiff premises her pay discrimination claims on the existence of several male employees who she alleges received higher salaries than she did: Plaintiff's (former) supervisor, an unspecified person in the "Engineer II" position, an inspector who reported to Plaintiff,[5] and unspecified men in "the same group." ECF 1 at 4; ECF 1-1 at 1. None of these male employees held jobs that were "similarly-situated *in all respects*" to Plaintiff's job (Project Manager). *Spencer*, 919 F.3d at 207. Plaintiff's supervisor (Assistant Director) held a higher-grade position than Plaintiff and oversaw more people, including Plaintiff herself. ECF 1-1 at 1, 14, 17; *see Spencer*, 919 F.3d at 207 (requiring male comparator and plaintiff to have similar job descriptions

---

[5] Plaintiff's complaint does not specify the inspector's sex, but her opposition clarifies that he is male: "the male with the lower position inspector." ECF 12 at 1.

and supervisors).⁶ Plaintiff does not allege that the holder of the "Engineer II" position was male or that the job was similar in any respect to her job as a Project Manager.⁷ ECF 1-1 at 1, 13. Plaintiff's allegations as to the inspector and the men "in the same group" are vague and do not specify how their jobs are at all similar to Plaintiff's. ECF 1-1 at 1, 14, 17; *see Spencer*, 919 F.3d at 207. As such, Plaintiff's allegations do not "suggest an unlawfully discriminatory motive" under Title VII. *Noonan*, 84 F.4th at 572. Nor do Plaintiff's allegations meet the EPA's more demanding standard of "equal" or "virtually identical" jobs. *Spencer*, 919 F.3d at 203; *Wheatley*, 390 F.3d at 332–33. Accordingly, this Court will dismiss Plaintiff's pay discrimination claims under Title VII and the EPA pursuant to Rule 12(b)(6). *See McCleary-Evans*, 780 F.3d at 585.

### C. Plaintiff's Reasonable Accommodation Claim under the ADA

Plaintiff's reasonable accommodation claim under the ADA also fails to pass muster under Fed. R. Civ. P. 12(b)(6). Under the ADA, a covered-entity employer cannot "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Such unlawful discrimination may include the employer's failure to provide a reasonable accommodation for a disabled employee. *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 579 (4th Cir. 2015). "To establish a prima facie case for failure to accommodate, [the plaintiff] must show: "(1) that [she] was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of [her] disability; (3) that with reasonable accommodation [she] could perform the

---

⁶ Plaintiff alleges that her years of experience (24) were comparable to those of her former supervisor (25.5), and the *Spencer* court notes that amount of experience can factor into a court's "similarly-situated" analysis. ECF 1-1 at 14; *Spencer*, 919 F.3d at 207. As this Court finds significant differences in the job descriptions and supervisors of Plaintiff and her supervisor, her amount of experience is not dispositive. *See Spencer*, 919 F.3d at 207. But there is reason to question the plausibility of Plaintiff's alleged 24 years of experience as of September 2023: Plaintiff was just 35 years old at that time. ECF 1-1 at 14, 27. This Court doubts that Plaintiff purposefully intends us to suggest that she began her higher education or professional career at age 11. Plaintiff's calculation of 24 years of experience likely double-counts the seven years during which she was both working and attending school. ECF 1-1 at 1 ("I spent 7 years of my life working every weekend and studying during the week.").

⁷ Rather, Plaintiff saw the City's job posting for the "Engineer II" position at a higher salary than hers, which the City subsequently retracted because the advertised salary was incorrect. ECF 1-1 at 1, 13.

essential functions of the position; and (4) that the employer refused to make such accommodations." *Id.* (quoting *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013)). To survive a motion for 12(b)(6) dismissal, the plaintiff "must allege sufficient facts to permit a reasonable inference" that those prima facie elements are met. *See id.*; *Jones v. Hosp. Corp. of Am.*, 16 F. Supp. 3d 622, 631 (E.D. Va. 2014).

Here, Plaintiff appears to allege that the City failed to accommodate her when it denied her request to work from home following her injury. ECF 1-1 at 2, 48. But Plaintiff's allegations fail to satisfy the third and fourth elements necessary to state a claim.[8] *See Jacobs*, 780 F.3d at 579. Plaintiff fails to allege how telework would allow her to perform the essential functions of her job, especially given the City's statement that it could not accommodate forty hours of telework. *Id.* at 35. And although the City refused Plaintiff's requested accommodation, the City instead offered Plaintiff FMLA leave[9] and initiated the short-term disability process. *Id.* at 31–32, 35, 37, 40–46. Such accommodations were permissible alternatives. *Hannah v. United Parcel Serv., Inc.*, 72 F.4th 630, 636–37 (4th Cir. 2023) (finding an unpaid leave of absence a "reasonable" accommodation). And an employer is not required to provide the specific accommodation requested by the employee. *Id.* ("[I]t is well settled that the 'ultimate discretion' to choose among reasonable accommodations rests with the employer.") (quoting *Reyazuddin v. Montgomery Cnty.*, 789 F.3d

---

[8] Plaintiff's claim might also fail on the first element, i.e., that Plaintiff had a disability within the meaning of the ADA. Disability based on a physical impairment requires that the impairment "substantially limit[] one or more of an individual's major life activities." *Cox v. Civista Med. Ctr.*, 16 F. App'x 185, 186 (4th Cir. 2001). Courts have regarded restrictions on lifting and repetitive motion, as Plaintiff alleges here, as moderate rather than substantial limitations. *Id.*; *Taylor v. Fed. Express Corp.*, No. CIV A RDB-03-195, 2004 WL 5231978, at *11 (D. Md. July 28, 2004), *aff'd*, 429 F.3d 461 (4th Cir. 2005); ECF 1-1 at 2, 33.

[9] Plaintiff's opposition argues that the City asked her to "make an unlawful claim" on the FMLA form by selecting her "own serious health condition" as the reason for her leave. ECF 12 at 1-3. Plaintiff believes that her serious health condition was not her "own" because it resulted from a workplace injury, but the FMLA imposes no such restriction on what qualifies as an employee's "own serious health condition." *Id.*; 29 U.S.C. § 2612(a)(1).

407, 415–16 (4th Cir. 2015)).[10] This Court will therefore dismiss Plaintiff's reasonable accommodation claim under the ADA.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's motion to dismiss (ECF 8) is GRANTED; it is further

ORDERED that Plaintiff's claims are DISMISSED.

The Clerk is directed to close this civil action and to mail a copy of this order to Plaintiff, *pro se*.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

July 7, 2025
Alexandria, Virginia

---

[10] Plaintiff argues that because the City previously allowed her to work remotely after giving birth, it should have allowed to her work remotely after her injury. ECF 1-1 at 2. That Plaintiff was previously allowed to work remotely is immaterial because the City had "ultimate discretion" regarding which reasonable accommodation to provide Plaintiff. *Reyazuddin*, 789 F.3d at 415–16.